UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICH'QUEL HINES NOLAN,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

CIVIL NO. 06-10578
CRIMINAL NO. 03-81096

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE VIRGINIA M. MORGAN

**REPORT AND RECOMMENDATION**

**I. Introduction**

On or about February 10, 2006, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. By order dated July 21, 2006, the district court referred the matter to this court pursuant to 28 U.S.C. § 636(b)(1)(B) for preparation of a Report and Recommendation. For the reasons set forth below, the court recommends that the motion be **DENIED**.

**II. Background**

On April 15, 2004, petitioner pleaded guilty to one count of mail fraud, 18 U.S.C. § 1341, pursuant to the terms of a Rule 11 plea agreement. The district court subsequently sentenced petitioner to a term of imprisonment of 60 months. At the time of sentencing, petitioner was serving a 42 to 84 month sentence in Pennsylvania on a state court conviction for aggravated

assault. The district court ordered a partially concurrent sentence, with the first two years of the federal sentence to run concurrently with the Pennsylvania sentence and the remainder to run consecutively.

Petitioner now seeks relief from her sentence pursuant to § 2255. She claims that she was denied the effective assistance of counsel, that the district court erred in refusing to consolidate two state court convictions in calculating her criminal history points, and that she is entitled to credit against her sentence for time served.

### III. Discussion

#### A. Ineffective Assistance of Counsel

On March 18, 2003, petitioner pleaded nolo contendre in state court to a charge of failure to stop at the scene of an accident resulting in serious impairment, a violation of MCL 257.617. She was sentenced to a term of imprisonment of 23 months to 5 years. Petitioner asserts that this conviction was dismissed pursuant to a *nolle prosequi* motion and order and that counsel was ineffective for failing to obtain the order of dismissal, resulting in the conviction being improperly included in the calculation of her Sentencing Guidelines criminal history points.

In support of her claim, petitioner submitted a copy of a state court "Motion/Order of Nolle Prosequi," dated May 12, 2003, showing that a habitual offender charge was dismissed in exchange for her entry of a plea of guilty to some other charge, presumably the failure to stop charge. (See Petitioner's Exhibit 1) There is nothing in the record showing that the failure to stop conviction was set aside. Accordingly, petitioner has failed to demonstrate that counsel erred in the manner alleged.

### B. Consolidation of State Court Convictions

Petitioner next contends that two 1996 state court convictions should have been consolidated under § 4A1.2 of the Guidelines Manual rather than treated as separate offenses.

There is nothing in the record before the court regarding these 1996 offenses. The court thus has no way to determine whether the offenses were subject to consolidation as related offenses under § 4A1.2. However, even if the offenses could or should have been consolidated, such an error certainly would not constitute a fundamental defect in the proceedings. See Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994)(in order to obtain relief on non-constitutional claim in § 2255 proceeding, petitioner must demonstrate a fundamental defect resulting in complete miscarriage of justice or egregious error violative of due process). Accordingly, plaintiff's second claim of error is without merit.

### C. Credit for Time Served

Finally, petitioner raises two arguments related to receiving credit against her federal sentence for time served. She asserts that she is entitled to credit for the time she spent in the custody of the U.S. Marshal prior to sentencing. Petitioner also asserts that she is not receiving credit against her federal sentence for the concurrent state court time she is presently serving.

The court lacks authority to adjudicate these claims. Petitioner seeks to challenge the manner in which her sentence is being carried out rather than the imposition of the sentence. She cannot do so in a § 2255 proceeding. Rather, a federal inmate's sole avenue for raising a challenge to the execution of her sentence is a motion under 22 U.S.C. § 2241 filed in the district court for the district where she is incarcerated. See U.S. v. Peterman, 249 F.3d 458, 461 (6th

Cir. 2001)("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served"); see also Mayfield v. Snyder, 27 Fed.Appx. 468, 469 (6th Cir. 2001)("If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian").

It appears that petitioner is still in the custody of Pennsylvania corrections officials. When she commences serving her federal sentence, the Bureau of Prisons will determine the credit petitioner is entitled to against her federal sentence. See 18 U.S.C. § 3585(b). If petitioner is dissatisfied with the BOP's determination, she may then seek relief under § 2241 in the appropriate district court. Petitioner's claims regarding her entitlement to credit are not cognizable in this proceeding.

**IV. Conclusion**

For the reasons stated above, court recommends that petitioner's § 2255 motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                        S/VIRGINIA M. MORGAN
                                        VIRGINIA M. MORGAN
                                        UNITED STATES MAGISTRATE JUDGE

Dated:  August 22, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 22, 2006.

                                        s/Kendra Byrd
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan